UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAUL A. MAYBERRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:15-cv-01745-TWP-DKL |
| ) | |
| ZATECKY SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

The question presented by this action for habeas corpus relief brought by Paul Mayberry, a state prisoner, is whether the prison disciplinary proceeding he challenges is tainted by constitutional error.

Having considered the pleadings and the expanded record, and being duly advised, the court finds that the challenged disciplinary proceeding, ISR 15-09-018, is free from constitutional error and that the petition for writ of habeas corpus must therefore be **denied.** This conclusion rests on the following facts and circumstances:

1. A conduct report was issued on September 3, 2015 ISR 15-09-018 charging Mayberry with violating prison rules by committing Assault/Battery. The conduct report recited on the morning of that date the reporting officer looked into a dorm at the Pendleton Correctional Facility and observed Mayberry repeatedly swinging a green chair "over and over again hitting Offender Oram upside the head while Oram was in a laundry cart."

2. A hearing was conducted on September 14, 2015. Mayberry was present at the

hearing and made a statement concerning the charge. The hearing officer considered Mayberry's statement, together with the other evidence, found Mayberry guilty and imposed sanctions, including the loss of earned good time.

3.  Mayberry seeks relief pursuant to 28 U.S.C. § 2254(a). A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.; see also Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) Limited and well-defined due process procedures must be followed before good time may be taken from a prison inmate such as petitioner Mayberry:

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

4.  Applying the requirements of *Wolff* and *Hill* as an analytical template, Mayberry received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Mayberry was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions imposed.

5.  Mayberry's claim that he was denied the protections afforded by *Wolff* is without merit. The only claim which has been properly preserved for habeas review, see. *Markham v.*

*Clark*, 978 F.2d 993, 995 (7th Cir. 1992)(principles of exhaustion of available state remedies and procedural default apply to prison disciplinary proceedings as they do to convictions, and therefore a prisoner challenging disciplinary action must take all available appeals and must have raised in those appeals any issue on which the prisoner seeks federal review), is that the sanctions imposed were excessive. This claim must be rejected, however, because the severity of the sanction imposed is ordinarily not cognizable in an action such as this, *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997), and this case is no exception. Even if the sanctions were not in accord with Indiana prison policies and regulations, moreover, such irregularities do not support relief. *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990)*; Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996); *see also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994) (habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 516 U.S. 983 (1995).

6. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There is no constitutional infirmity entitling Mayberry to relief. Accordingly, his petition for a writ of habeas corpus must be **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 9/13/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

PAUL A. MAYBERRY
915471
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronically Registered Counsel